**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

ALVARO HERNANDEZ,

          Plaintiff,

v.

WALMART INC.,
an Arkansas corporation, and
SHENZHEN HIGH-END MANUFACTURING CO., LTD,
a/k/a Shenzhen Gaoduan Zhizao Co., Ltd,
a Chinese limited liability company,

          Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Alvaro Hernandez, by and through his counsel, George E. McLaughlin, McLaughlin Law Firm, P.C., and Brian A. Calandra, Ramos Law, files this Complaint, and alleges and states as follows:

**PARTIES**

1.     Plaintiff Alvaro Hernandez resides in Denver, Denver County, Colorado, and is a citizen of, a resident of, and domiciled in, the state of Colorado.

2.     Defendant Walmart Inc. is a Delaware Corporation, with its principal office address located at 702 SW 8th Street Bentonville, AR 72716.

3.     Defendant Walmart Inc. is registered with the office of the Colorado Secretary of State to do business in the state of Colorado, its registered agent being C.T. Corporation System, 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268.

4. Defendant Walmart Inc., a Delaware Corporation, with its principal office address in the state of Arkansas, is deemed to be a citizen of the state of Delaware and the state of Arkansas.

5. Defendant Shenzhen High-End Manufacturing Co., Ltd, also known as Shenzhen Gaoduan Zhizao Co., Ltd [hereinafter "Shenzhen"], is a Chinese limited liability company.

6. Upon information and belief the principal business address of Defendant Shenzhen is Room 1203, Fukang Road No8-5, Xinmu Community, Pinghu Street, Longgang, Shenzhen CHINA 518000.

7. Defendant Shenzhen is not registered with the office of the Colorado Secretary of State to do business in the state of Colorado.

8. Upon information and belief Defendant Shenzhen is not registered to do business in any state in the United States.

9. Upon information and belief Defendant Shenzhen will not voluntarily subject itself to the jurisdiction of this United States District Court, or any other court in the state of Colorado.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Defendant Walmart Inc. marketed, imported, distributed, and/or sold to Plaintiff in the state of Colorado, by way of its online internet website, a product known as an AOVOPRO ES80 Foldable Electric Scooter, which is the subject of this civil action.

12. Defendant Walmart Inc. is subject to the in personam jurisdiction of this Court, as it is registered to do business within the state of Colorado.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c), as Plaintiff resides in Denver County, Colorado, within the jurisdictional boundaries of this United States District Court, and the events giving rise to this claim occurred in Denver County, Colorado.

## FACTUAL ALLEGATIONS

14.    On or about May 12, 2023, Plaintiff Alvaro Hernandez purchased an AOVOPRO ES80 Foldable Electric Scooter [hereinafter AOVOPOR Scooter].  [Image 1]



Image 1

15.    Plaintiff purchased the AOVOPRO Scooter while in Denver, Colorado, using the online Walmart.com sales platform, https://www.walmart.com/

16.    The product listing for the scooter included Walmart's branding, Walmart's payment processing, and indicated that the product was eligible for Walmart's return and customer support services.

17.    The transaction was completed entirely on Walmart's platform using Walmart's checkout system, and payment was processed by Walmart or one of its affiliates.

18.    Walmart retained control over the structure, format, and content of the product listing, including representations regarding pricing, delivery, and customer support.

3

19.    From the shipping label that appears on the box the scooter was delivered in, it appears that it was shipped to Plaintiff in Denver from 2785 Commerce Center Blvd., Bethlehem, PA 18015, which is the address of a Walmart E Commerce Distribution Center, also known as a Walmart Distribution Center.

20.    On or about May 16, 2023, the AOVOPRO Scooter was delivered to Plaintiff's home in Denver Colorado.

21.    AOVOPRO [Image 2] is a Trademark registered on August 23, 2022, by Shenzhen Gaoduan Zhizao Co., Ltd, with the United States Patent and Trademark Office, US Registration Number 6826757, US serial Number 90865908.



Image 2

22.    There is no information on the box the AOVOPRO Scooter was delivered in indicating that anyone other than Walmart was the distributor of this product.

23.    On the date of July 1, 2023, while using the AOVOPRO Scooter as it was designed and intended, the cam lever locking mechanism of the folding steering stem suddenly and unexpectedly opened.  [Image 3]



Image 3

24.    When the cam lever locking mechanism of the folding steering stem suddenly and unexpectedly opened, Plaintiff fell from the scooter, severely breaking his right arm, and sustaining other injuries.

25.    From the scene of his injury Plaintiff was transported by ambulance to Denver Health for emergency treatment.

26.    At Denver Health Plaintiff was diagnosed and initially treated for his injuries sustained on July 1, 2023, which included a hematoma to the right side of his head, abrasions to his right elbow and upper arm, bruising to his right thigh, a Galeazzi fracture of the distal radius (the lower part of the forearm bone near the wrist) combined with dislocation of the distal radioulnar joint, the joint at the wrist where the radius and ulna connect.  [Image 4]



Image 4

27.    The injuries suffered were initially treated in the Emergency Department of Denver Health on July 1 and 2, including a closed reduction of the fracture under anesthesia and splinting.

28.    On July 11, 2023, Plaintiff returned to Denver Health and had his broken right arm surgically repaired at Denver Health, which included cutting open his right arm to reset the broken bones, and using a titanium plate and screws to keep the bones in place.  [Image 5]



Image 5

## ACCRUAL OF THIS CAUSE OF ACTION

29.    Prior to July 1, 2023, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture or labeling of his AOVOPRO Scooter.

30.    Prior to July 1, 2023, Plaintiff had not suffered any injury from the use of his AOVOPRO Scooter.

31.    Plaintiff's cause of action against Defendants accrued on July 1, 2023.

## ALLEGATIONS OF DEFECTIVE PRODUCT

32.    The AOVOPRO Scooter purchased by Plaintiff was defective in design, defective in manufacture, not merchantable, not in conformance with its applicable implied and express warranties and was unreasonably dangerous for its intended and/or reasonably foreseeable use, in

6

that the cam lever locking mechanism of the folding steering stem suddenly and unexpectedly opened when being used as reasonably intended and expected.

33.     The AOVOPRO Scooter purchased by Plaintiff was dangerous to an extent beyond which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to its characteristics in that the AOVOPRO Scooter was manufactured in such a way that the cam lever locking mechanism of the folding steering stem suddenly and unexpectedly opened when being used as reasonably intended and expected.

34.     The design of the cam lever locking mechanism of the folding steering stem of Plaintiff's AOVOPRO Scooter contains defects that make it prone to sudden catastrophic failure by suddenly and unexpectedly opening when being used as reasonably intended and expected.

35.     Prior to the date Plaintiff purchased the subject AOVOPRO Scooter, Defendants had received notice of the folding steering stem on one or more AOVOPRO Scooters having suddenly and unexpectedly opened when being used as reasonably intended and expected by a consumer.

36.     Prior to the date Plaintiff purchased the subject AOVOPRO Scooter, Defendants had received notice that the AOVOPRO Scooters were defective, dangerous, and generally of poor quality.

### PLAINTIFF'S INJURIES AND DAMAGES

37.     As a direct and proximate result of the defects in, and the failure of, the AOVOPRO Scooter, plaintiff Alvaro Hernandez, sustained injuries and damages including, but not limited to:

(a)     severe injuries to his right arm;

(b)     past pain, suffering, and anguish, both in mind and in body;

(c)    future pain, suffering, and anguish, both in mind and in body;

(d)    past medical expenses;

(e)    future medical expenses;

(f)    loss of enjoyment of life;

(g)    permanent disfigurement;

(h)    physical impairment;

(i)    loss of past and future earnings; and,

(j)    loss of future earing capacity.

## CAUSES OF ACTION

## COUNT I

**STRICT PRODUCT LIABILITY**
**Colorado Product Liability Act, C.R.S. §13-21-401, et seq.**

38.    Plaintiff incorporates by reference the facts and allegations set forth in the paragraphs above of this Complaint.

39.    Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to manufacture, distribute and sell a product that was reasonably safe in construction, which did not materially deviate from applicable design specifications, or otherwise deviate in some material way from otherwise identical units in Defendants' product line.

40.    Defendant Shenzhen High-End Manufacturing Co., Ltd., also known as Shenzhen Gaoduan Zhizao Co., Ltd, was the actual manufacturer of the AOVOPRO Scooter purchased by Plaintiff.

41.    Defendant Shenzhen:

a)    is not subject to service of process in the State of Colorado;

8

b)      is not subject to the jurisdiction of this court; and,

c)      and has not voluntarily appeared in this action.

42.      The AOVOPRO Scooter purchased by plaintiff Alvaro Hernandez is a "product", as that word is used in the Colorado Product Liability Act.

43.      Defendant Walmart was the distributor of the AOVOPRO Scooter purchased by Plaintiff.

44.      Defendant Walmart was the "seller" of the AOVOPRO Scooter purchased by Plaintiff, as the word "seller" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401(3).

45.      If defendant Shenzhen is not subject to the jurisdiction of this court, defendant Walmart is subject to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, et seq. for products that it sold or distributed to citizens of the state of Colorado.

46.      If defendant Shenzhen is not subject to the jurisdiction of this court, as the word "manufacturer" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401 (1), defendant Walmart is deemed to be the manufacturer of the AOVOPRO Scooter purchased by Plaintiff.

47.      Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to manufacture, distribute and sell a product that was reasonably safe in construction, which did not materially deviate from applicable design specifications, or otherwise deviate in some material way from otherwise identical units in Defendants' product line.

48.      Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell a product that was not unreasonably dangerous.

9

49.     Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell a product that conformed to its implied warranties, including, but not limited to, the implied warranty that Defendants' products were reasonably safe for use by consumers.

50.     Defendants had a duty to design, manufacture, import, place into the stream of commerce, distribute, market, and sell the AOVOPRO Scooter so that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

51.     The AOVOPRO Scooter supplied to Walmart, distributed by Walmart, and sold by Walmart to Plaintiff was in a defective condition and unreasonably dangerous to the user or consumer at the time the AOVOPRO Scooter left the possession of Defendants, and at the time the device entered the stream of commerce, because of, but not limited to, the followings:

a)     the AOVOPRO Scooter was not reasonably safe as intended to be used;

b)     the AOVOPRO Scooter contained manufacturing defects, including that the cam lever locking mechanism of the folding steering stem is prone to sudden catastrophic failure by suddenly and unexpectedly opening when being used as reasonably intended and expected;

c)     the subject AOVOPRO Scooter was dangerous to an extent beyond which would be contemplated by the ordinary consumer, and did not meet consumer expectations;

10

d)      the subject AOVOPRO Scooter did not comply with applicable industry standards;

e)      a reasonably prudent manufacturer, distributor, or seller, given knowledge of the subject AOVOPRO Scooter's condition, would not have marketed, distributed or sold the product; and,

f)      the subject AOVOPRO Scooter was not appropriately or adequately inspected and tested.

52.    The AOVOPRO Scooter purchased by Plaintiff was expected, and did reach the consumer without substantial change in the condition in which it was sold.

53.    The defects in the AOVOPRO Scooter purchased by Plaintiff caused the injuries to Plaintiff as set forth in this Complaint.

54.    Pursuant to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, et seq., defendant Walmart is deemed to be the "manufacturer" of the subject AOVOPRO Scooter, and is thereby liable to Plaintiff for the claims asserted in this count of this Complaint.

55.    As a direct and proximate result of the unreasonably dangerous condition of Plaintiff's AOVOPROI Scooter Plaintiff suffered injuries and damages, as set forth in this Complaint.

## COUNT II

### NEGLIGENCE

56.    Plaintiff incorporates by reference the facts and allegations set forth in the paragraphs above of this Complaint.

11

57. The conduct, actions, and failure to act, of Defendants, as set forth above were negligent.

58. In addition to the above Defendants were negligent in:

a) Using a design for a cam lever locking mechanism of the folding steering stem that was subject to spontaneously opening;

b) Not adequately inspecting the bicycle so as to discover that on this particular bicycle, as manufactured, and assembled, that the cam lever locking mechanism of the folding telescopic stem could spontaneously open; and,

c) Continuing to sell these AOVOPRO Scooters after receiving notice that the cam lever locking mechanism of the folding steering stem may suddenly and unexpectedly open when being used as reasonably intended and expected.

59. As a direct and proximate result of the negligence of Defendants, as set forth above, Plaintiff suffered the injuries and damages as set forth in this Complaint.

## <u>COUNT III</u>

### **BREACH OF IMPLIED WARRANTY**

60. Plaintiff incorporates by reference the facts and allegations set forth in the paragraphs above of this Complaint.

61. By facilitating the sale of the scooter, Walmart impliedly warranted that the scooter was merchantable and fit for ordinary use.

62. Defendants impliedly warranted that the AOVOPRO Scooter was safe, merchantable, and free of defects that would cause injury when being used in a reasonable and expected way. The scooter was not merchantable due to its dangerous and defective condition.

63. Plaintiff used the AOVOPRO Scooter for its intended purpose, and in a reasonably foreseeable manner.

64. Plaintiff's AOVOPRO Scooter did not conform with the implied warranty of merchantability in that it failed while being used as reasonably expected and intended as the cam lever locking mechanism of the folding steering stem suddenly and unexpectedly opened when being used as reasonably intended and expected.

65. As a direct and proximate result of the breach of the implied warranty of merchantability, as set forth herein, and as set forth above, Plaintiff suffered the injuries and damages set forth in this Complaint.

## COUNT IV

### BREACH OF EXPRESS WARRANTY

66. Plaintiff incorporates by reference the facts and allegations as set forth in the paragraphs above of this Complaint.

67. Defendants expressly warranted that the AOVOPRO Scooter was free of defects in its material and workmanship.

68. Plaintiff's AOVOPRO Scooter did not conform with the express warranty in that it was defective in its design, materials, and/or manufacture in that the cam lever locking mechanism of the folding steering stem suddenly unexpectedly opened when being used as reasonably intended and expected.

13

69.     As a direct and proximate result of the breach of the express warranties, as set forth herein, and as set forth above, Plaintiff suffered the injuries and damages set forth in this Complaint.

## DAMAGES FOR ALL CAUSES OF ACTION

70.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and for his damages for each cause of action further alleges as follows:

71.     As a direct and proximate result of the failure of Defendants' AOVOPRO Scooter, and the conduct, actions, inactions, omissions, and negligence of Defendants, plaintiff Alvaro Hernandez sustained injuries and damages, which total in excess of $75,000, exclusive of interest and costs, including, but not limited to:

      a)     serious and permanent physical injuries;

      b)     past and future pain, suffering, and anguish, both in mind and in body;

      c)     physical disability, past and future;

      d)     physical impairment;

      e)     disfigurement;

      f)     loss of enjoyment of life;

      g)     past medical bills;

      h)     future medical bills;

      i)     loss of past and future wages and income;

      j)     loss of earning capacity;

14

k)      such other damages as may be allowed by Colorado law, and supported by the evidence; and,

l)      attorneys' fees and the costs and expenses of litigation as may be permitted by Colorado law and the rules of this Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Alvaro Hernandez, demands judgment against defendants Walmart Inc. and Shenzhen High-End Manufacturing Co., Ltd, a/k/a Shenzhen Gaoduan Zhizao Co., Ltd, in an amount of compensatory damages to be determined by a jury, in excess of $75,000, exclusive of interest and costs, plus prejudgment interest, post-judgment interest, and taxable cost, and any and all other damages and relief available under Colorado law to fully compensate him for his injuries and damages.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 25th day of June 2025.

/s/ *George E. McLaughlin*
George E. McLaughlin, Colorado Bar # 16364
McLaughlin Law Firm, P.C.
1890 Gaylord Street
Denver, CO 80206-1211
720-420-9800
GEM@McLLF.com

and

Brian Calandra, Colorado Bar # 41687
Ramos Law
10190 Bannock St Suite 200
Northglenn, CO 80260
720-842-7626
Brian@ramoslaw.com

*Attorneys for Plaintiff*

15